**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

TIMOTHY R. KELLY,

        Petitioner - Appellant,

  v.

CHRISTINA ASHLEY TURNER, FKA:
Christina Ashley Hurlbert,

        Respondent - Appellee.

No. 25-3638

D.C. No.
3:25-cv-00247-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted April 30, 2026[**]

Before: N.R. SMITH, BUMATAY, and H.A. THOMAS, Circuit Judges.

Plaintiff-Appellant Timothy Kelly appeals the district court's denial of his

petition for the return of his child, MKK, under the 1980 Convention on the Civil

Aspects of International Child Abduction (the Hague Convention). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Kelly contends that the district court "clearly erred by concluding that Mexico was not the child's habitual residence." But, to the contrary, the district court "assumed without deciding that Kelly [met] his burden to show" that MKK's "habitual residence was Mexico and that [Christina Turner] violated Kelly's custody rights under Mexico's law."

2. The district court committed no error in its application of the grave risk defense determination. We review the district court's findings of fact for clear error and its conclusions of law de novo. *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 612 (9th Cir. 2020). The district court applied the correct legal standard, requiring "[t]he party opposing return of the children" to "prov[e] the ultimate Article 13(b) exception issue by clear and convincing evidence." *Colchester v. Lazaro*, 16 F.4th 712, 718 (9th Cir. 2021). And it based its conclusion that the grave risk exception applied on multiple factual findings supported by evidence that Kelly's propensity to rage and abuse towards Turner harmed MKK. *See id.*, 16 F.4th at 717.

3. The district court did not commit clear error in its consideration of protective measures to facilitate safe return. Kelly raises three potential ameliorative measures for the first time on this appeal. But a "district court reasonably may decline to consider ameliorative measures that have not been raised by the parties[.]"

*Golan v. Saada*, 596 U.S. 666, 682 (2022). Even so, the district court did consider and reject court-ordered attendance by Kelly in anger management classes as a potential ameliorative measure after Kelly raised it in redirect testimony. And the district court concluded that Kelly wouldn't comply with any court ordered measures given his history of "disregard for judicial and other authority." *See id.* (a district court need not consider "unworkable" ameliorative measures).

4. Kelly contends that the district court violated his due process rights by applying "relaxed evidentiary standards" when it received the parties' offered exhibits. But "due process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (simplified). The district court advised the parties that it would apply "relaxed rules of evidence" based on the nature of the proceeding, citing applicable law to confirm that Federal Rules of Evidence do not apply in a Hague Convention proceeding. *See* 22 U.S.C. § 9005. And neither Kelly nor Turner objected to the district court's relaxed evidentiary approach.

5. The district court did not abuse its discretion regarding Kelly's evidentiary exhibits. We review the district court's evidentiary rulings for abuse of discretion, and require any error to be prejudicial. *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1127 (9th Cir. 2020). And we review a district court's denial of a motion for reconsideration for abuse of discretion. *Benson v. JPMorgan Chase Bank, N.A.*, 673

F.3d 1207, 1211 (9th Cir. 2012). The district court received all exhibits offered by Kelly. Neither Kelly nor Turner listed the documents Kelly alleges were excluded, "including a criminal complaint and custody filing in Rosarito" on their filed exhibit lists. And Kelly does not specify when or how he offered these documents as evidence during the evidentiary hearing. Moreover, in his motion for reconsideration, Kelly offered no appropriate basis for the district court to receive and consider these documents after entry of judgment. *See Defs. of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 2000).

6. The district court's credibility findings were not clearly erroneous. We only reject the district court's findings if it commits clear error, *Allen v. Iranon*, 283 F.3d 1070, 1076 (9th Cir. 2022), and we give "special deference" to its finding that a witness isn't credible, *id.* at 1078 n.8. The district court's credibility findings regarding Kelly and Turner were specific and detailed.

7. Lastly, Kelly's arguments that he was "deprived [] of an impartial tribunal" are meritless. The district court's evidentiary decisions were proper. Nor did the district court ever treat the proceeding as an "extradition proceeding." The district court aiding Turner to find counsel below, when Kelly himself was represented by counsel from filing through the district court's entry of judgment, presents no "circumstances creating an appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 850 (1988). Kelly challenges the district court for

allowing Turner to file certain documents under seal, but he does not allege he lacked access to them in his Opening or Reply Briefs. Kelly's contention that "[t]he Judge's law clerk allegedly communicated with opposing counsel" is without citation. Indeed, the closest match in the record to what he claims is the courtroom deputy communicating with Turner's counsel—a normal occurrence. Finally, Kelly's accusation that "[t]he Judge's law clerk" "draft[ed] findings that mirrored [Turner's] submissions" is both irrelevant and manifestly untrue. *Liteky v. United States*, 510 U.S. 540, 555 (1994). For example, against Turner's arguments, the district court assumed without deciding that MKK's habitual residence was Mexico. Kelly cannot show he was improperly deprived of an impartial tribunal.

**AFFIRMED**.[1]

---

[1] The motion to supplement the record on appeal (Dkt. No. 16) is **DENIED**.

25-3638